Dissenting Opinion.
DeBlanc, J.
I believe, as my colleagues do, that the power to' reduce the salary of a judge during the term for which he was elected, is — manifestly—a dangerous power: but, that it does exist, I entertain no doubt. The 86th article of the constitution of 1868 ordains that, *145 until otherwise provided, each parish judge shall receive a salary of twelve hundred dollars per annum.
It was soon after the adoption of the constitution otherwise provided;. the judge’s salary was fixed at two thousand dollars in parishes having one member, and in new parishes not yet entitled to separate representation in the House of Representatives, and at two thousand five hundred dollars in parishes having two or more members in the House.
In 1877 — during the. term for which the relator was elected — the amount of that salary was again changed and that to.which he was entitled at the date of’ his election reduced from twenty-five hundred to seventeen hundred and fifty dollars. Though it may have been inconsiderate, that reduction was not prompted by any improper motive and was authorized by the plain letter of the constitutional provision already referred to.
The relator took the office with full notice that the Legislature could either reduce or increase his emolument, and that, as its power is unrestricted by any express or implied reservation, it could — as it did — reduce that emol iment during the term for which he was commissioned.
The act of 1877 was to and did take effect from and after its passage, and, as it repeals all laws or parts of law in conflict with its provisions, the Auditor’s warrant can be claimed and obtained but under said act, the only one now in force.
For these reasons, I respectfully dissent from the opinion of the majority, but concur in the decree.